FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO 04 JUN -3 PH 3: 48

CLERK-ALBUQUERQUE

JOHN DILLON,

Plaintiff,

vs.                                    No. **CIV – 0 4 – 0 6 2 2**      **LFG  DJS**

WAL-MART STORES INC.,
W.R. LOGAN and LISA PULLEN

Defendants.

## NOTICE OF REMOVAL TO THE
## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TO: UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

COMES NOW Wal-Mart Stores, Inc., through its attorneys of record, Butt Thornton &

Baehr PC, and as grounds for removal to this Court, states as follows:

1. On or about April 19, 2004, Plaintiff's Complaint for Personal Injury was filed in the

Eighth Judicial District Court, County of Taos, State of New Mexico. The case was docketed as

Taos County Cause No. 2004-146 CV. The plaintiff is John Dillon, an individual who, on

information and belief, is a resident of Taos County, New Mexico and a citizen of the State of

New Mexico.

2. The Complaint names Wal-Mart Stores, Inc., as a defendant. Defendant, Wal-Mart

Stores, Inc., is a foreign corporation, incorporated and with its principal place of business in a

State other than New Mexico, and is a citizen of a state other than New Mexico for purposes of

diversity of citizenship under 28 U.S.C. § 1332.

1

3. Wal-Mart Stores, Inc., was served with a copy of the Complaint for Personal Injury May 5, 2004.

4. Complete diversity of citizenship exists between plaintiff, John Dillon, and Defendant, Wal-Mart Stores, Inc.

5. The Complaint alleges claims of malicious abuse of process, fraud, and prima facie tort, in connection with prior litigation between Plaintiff and Wal-Mart Stores, Inc. The Compliant further alleges that, at issue are a judgment against Wal-Mart Stores in the amount of $209,000.00, claimed attorney fees in the amount of $28,526.15, a $5,000.00 sanction imposed by the New Mexico Court of Appeals, and a claim for punitive damages, as well as pre-and post-judgment interest. (Complaint, ¶¶ 5, 16, 21, 31, 32). The defendant does not admit that Plaintiff has been damaged in any amount by any act or omission of Defendant, Wal-Mart Stores, Inc. However, Based on the allegations in the Complaint, the amount in controversy exceeds $75,000.00.

6. The Complaint for Personal Injuries is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332, and which is removable by Wal-Mart Stores under the provisions of 28 U.S.C. § 1441 in that:

        (a) The matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and

        (b) The matter in controversy is between citizens of different states.

7. In the Complaint for Personal Injuries, plaintiff also joins, as a defendants, W.R. Logan and Lisa Pullen. On information and belief, W.R. Logan and Lisa Pullen are residents and citizens of Bernalillo County, New Mexico, and are attorneys licensed to practice law in New

2

Mexico. The citizenship of W.R. Logan and Lisa Pullen should not be considered for purposes of diversity jurisdiction in this case because they are fraudulently joined.

8. A party will be considered fraudulently joined and removal will be permitted when the plaintiff has not or cannot state a claim for relief against that party or does not intend to secure a judgment against that particular defendant. 14B Charles A.Wright and Arthur R. Miller, *Federal Practice and Procedure,* § 3723, p. 631-32; *Dodd v. Fawcett Publications, Inc.,* 329 F.2d 82, 85 (10th Cir. 1964). Upon allegations of fraudulent joinder, the Court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available. *Smoot v. Chicago, Rock Island and Pacific R.R. Co.,* 378 F.2d 879, 881-82 (10th Cir. 1967).

9. The Complaint's allegations against W.R. Logan and Lisa Pullen are that, in their capacity as attorneys representing Defendant, Wal-Mart Stores, Inc., in the prior litigation, they made false statements to the New Mexico Court of Appeals. (Complaint, ¶¶ 8-12). Under New Mexico law, a party does not have a cause of action against the attorneys of an opposing party for statements made during litigation, and statements by the attorneys for the opposing party in court proceedings are absolutely privileged and not actionable. *Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A.,* 106 N.M. 757, 750 P.2d 118, 122 (N.M. 1988); *Gelinas v. Gabriel,* 106 N.M. 221, 741 P.2d 443, (Ct. App. 1987). Therefore, as a matter of law, Plaintiff does not have any claim against W.R. Logan or Lisa Pullen, and Plaintiff cannot genuinely seek any recovery from or judgment against W.R. Logan or Lisa Pullen. Absent any factual or legal basis for joinder of W.R. Logan and Lisa Pullen in this case, they should be disregarded in determining diversity of citizenship. *Couch v. Astec Industries, Inc.,* 71 F.Supp.2d 1145 (D.N.M. 1999).

3

10. In accordance with 28 U.S.C. § 1446(a), a copy of Plaintiff's Complaint for Personal Injury served upon Wal-Mart Stores, Inc., in Taos County Cause No. 2004-146 CV, together with a copy of the Summons, is attached to this Notice as Exhibit A.

11. This Notice of Removal is timely filed with this Court within thirty (30) days after service of the Summons and Complaint on Wal-Mart Stores, Inc.

12. Wal-Mart Stores, Inc., immediately upon the filing of this Notice of Removal, gave written notice of the filing to plaintiff as required by 28 U.S.C. § 1446(d) and filed a copy of this Notice of Removal with the Clerk of the Eighth Judicial District Court, County of Taos, State of New Mexico, the Court from which this action is removed.

13. This Notice of Removal is signed pursuant to Fed.R.Civ.P. 11.

Wherefore, Wal-Mart Stores, Inc., prays that the above-entitled action be removed from the Eighth Judicial District Court, County of Taos, State of New Mexico, to this United States District Court for the District of New Mexico.

BUTT, THORNTON & BAEHR, P.C.

By _____
   Carlos G. Martinez
   Post Office Box 3170
   Albuquerque, NM 87190
   Telephone: (505) 884-0777

Attorneys for defendant Wal-Mart Stores, Inc.

I hereby certify that a true
copy of the foregoing Notice
of Removal was mailed to
opposing counsel of record,

4

Brigitte Lotze
Jerry J. Hamilton
Brigitte Lotze Law Office
P.O. Box 513
Taos, New Mexico 87571

this 3rd day of June, 2004.

for Carlos G. Martinez

5



**CSC.**

CORPORATION SERVICE COMPANY

# Notice of Service of Process

PXT / ALL
Transmittal Number: 3526341.
Date Processed: 05/06/2004

**Primary Contact:**    Thomas Mars  C/O  Sharon Young
Wal-Mart Stores, Inc.
702 SW 8th Street

Bentonville, AR 72716-0555

**Copy of transmittal only sent to:**    Mr. Kenneth Vermilion

| | |
|---|---|
| **Entity:** | Wal-Mart Stores, Inc.<br>Entity I.D. Number 1868285 |
| **Entity Served:** | Wal-Mart Stores, Inc. |
| **Title of Action:** | John Dillon vs. Wal-Mart Stores, Inc. |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court:** | Taos County, 8th Judicial District Court, New Mexico |
| **Case Number:** | 2004-146CV |
| **Jurisdiction Served:** | New Mexico |
| **Date Served:** | 05/05/2004 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Regular Mail |
| **Plaintiff's Attorney/Sender:** | Jerry J. Hamilton<br>505-758-1221 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC.**

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

RECEIVED

MAY 0 7 2004

Legal Intake By:_____

STATE OF NEW MEXICO
COUNTY OF TAOS
EIGHTH JUDICIAL DISTRICT COURT
NO. 2004- 146  CV

JOHN DILLON

               Plaintiff,

vs.

WAL-MART STORES INC.,
W. R. LOGAN and LISA PULLEN
          Defendants.

                  NOTICE

TO: Corporation Service Company - Registered Agent for Wal-Mart Stores, Inc.

      The enclosed summons and complaint are served pursuant to Paragraph E of Rule 1-004 of the New Mexico Rules of Civil Procedure.

      You must sign and date the receipt. If you are served on behalf of a corporation, unincorporated association (including a partnership) or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your position or title.

      If you do not complete and return the form to the sender within twenty (20) days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

      If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within thirty (30) days of the date upon which this notice was mailed which appears below. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint

      I declare, under penalty of perjury, that this Notice and Receipt of Summons and Complaint was mailed on May 3, 2004

                  Jerry J. Hamilton
                Attorney for John Dillon

STATE OF NEW MEXICO
COUNTY OF TAOS
EIGHTH JUDICIAL DISTRICT COURT
NO. 2004- 146  CV

JOHN DILLON

                    Plaintiff,

vs.

WAL-MART STORES INC.,
W. R. LOGAN and LISA PULLEN
                    Defendants.

## RECEIPT OF SUMMONS AND COMPLAINT

I, Tricia Bain, acting for Corporation Service Company, the registered agent for Wal-Mart Stores, Inc. received a copy of the Summons and Complaint and Plaintiff's Request for Production to Defendant in the above-captioned matter at:125 Lincoln Ave. Suite 223 Santa Fe, N.M. 87501

_____
signature

for Corporation Service Company, the registered agent for Wal-Mart Stores, Inc.

_____
Date of Signature

**LAW OFFICE OF**
**BRIGITTE URSULA LOTZE**

_____Attorneys and Counselors at Law

**BRIGITTE URSULA LOTZE**                                                        214 Kit Carson Road
**JERRY J. HAMILTON** of counsel                                          505-758-1221/ 505-737-5899 fax
Also admitted in Texas                                                                                    P.O. Box 513
                                                                                                  Taos, New Mexico 87571

May 3, 2004

Corporation Service Company
Attention Tricia Bain
125 Lincoln Ave. Suite 223
Santa Fe, N.M. 87501

       Re: John Dillon vs. Wal-Mart Stores, Inc., et. al.  2004- 146 CV Eighth Judicial District Court, Taos
County, N.M.

Dear Ms. Bain:

       Enclosed please find the Plaintiff's Complaint, Summons  and Plaintiff's Request for Production of
Documents to Defendant. Also enclosed is a Notice and a Receipt of Summons and Complaint.  Please sign,
date and return the Receipt of Summons and Complaint in the enclosed stamped envelope.  Please call me
if you have any questions or need further information.

       We will appreciate your courtesy and cooperation regarding the service of these suit papers .

                     Very truly yours,

                     Jerry J. Hamilton

JJH/bms
Enclosures: Plaintiff's Complaint, Summons, Plaintiff's Request for Production of Documents to Defendant,
Notice, Receipt of Summons and Complaint, envelope
cc: client

C:\Dillon\Wal-Mart\CorpSerCol.ltr.wpd

EIGHTH JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF TAOS

NO. 2004-146  (CV)

JOHN DILLON,
            Plaintiff,

vs.

WAL-MART STORES, INC.,
W.R. LOGAN AND LISA PULLEN,
            Defendants.

## SUMMONS

THE STATE OF NEW MEXICO

TO: Wal-Mart Stores, Inc.


Respondent, Greetings:

   You are hereby directed to serve a pleading or motion in response to the Petition within 30 days after service of the Summons, and file the same, all as provided by law.

   You are notified that, unless you so serve and file a responsive pleading or motion, the petitioner will apply to the court for the Relief demanded in the Petition.

Attorney for Petitioner:     Brigitte Lotze
                             P.O. Box 513
                             Taos, New Mexico  87571
                             505-758-1221

*Witness the Honorable* _____, *District Judge of the said Court of the*

State of New Mexico and the Seal of the District Court of said County, this 19th day of April, 2004.

                              **Rosa Gonzales**
                              CLERK OF THE DISTRICT COURT

                              BY: _____
                                  Deputy

NOTE: This summons does not require you to see, telephone or write to the District Judge at this time.

   It does require you or your attorney to file your legal defense to this case in writing with the Clerk of the District Court within 30 days after the summons is legally served on you. If you do not do this, the party suing may get a Court Judgment by default against you.

IN MY OFFICE
DISTRICT COURT
SANTA FE, NM

2004 APR 19   PM 4: 03

CLERK OF THE DISTRICT COURT

STATE OF NEW MEXICO
COUNTY OF TAOS
EIGHTH JUDICIAL DISTRICT COURT

NO. 2004- 146 CV

JOHN DILLON
        Plaintiff,
vs.

WAL-MART STORES INC.,
W. R. LOGAN and LISA PULLEN
        Defendants.

### PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY

COMES NOW the Plaintiff, John Dillon, by and through his attorneys Brigitte Ursula

Lotze and Jerry J. Hamilton, and for his complaint states as follows:

### COUNT I - MALICIOUS ABUSE OF PROCESS

1. Plaintiff is a resident of Taos County, New Mexico.

2. Defendant Wal-Mart Stores Inc. is a foreign corporation licensed and permitted to do

business in New Mexico.

3. Defendant Wal-Mart Stores Inc. has designated The Corporation Service Company as

its registered agent for service of process.

4. Defendant W.R. Logan is, on information and belief, a resident of Bernalillo County,

New Mexico.

5. Defendant Lisa Pullen is, on information and belief, a resident of Santa Fe County,

New Mexico

6. The incident complained of herein occurred in Santa Fe County, New Mexico on or

about April 17, 2001 and June 5, 2001. .

1

5.  Plaintiff John Dillon was injured at Wal-Mart store number 873 in Taos, N.M. for which he brought suit and was awarded a judgment against Wal-Mart Stores, Inc. on October 30, 2000 in the sum of $209,000.00.

6.  Wal-Mart filed an appeal of the judgment in the Court of Appeals of the State of New Mexico, No. 22,016 including an allegation that the trial court had erred when the court failed to grant Wal-Mart's Motion for Directed Verdict.

7.  On March 28, 2001 the Court of Appeals filed Notice Proposed Summary Disposition of a proposed Summary Affirmance.

8.  On or about April 17, 2001 Defendant Wal-Mart acting by and through its attorneys, W.R. Logan and Lisa Pullen, filed Defendant-Appellant Wal-Mart Stores, Inc.'s Memorandum Opposing Proposed Summary Affirmance.

9.  The Defendants' Memorandum Opposing Proposed Summary Affirmance contained misrepresentations of facts concerning events that transpired during the federal court hearing and upon trial of the case and were significant to the question before the Court of Appeals.

10. The Defendants' Memorandum Opposing Proposed Summary Affirmance contained a request that the case be assigned to the General Calendar concerning the issue of Wal-Mart's allegation that the trial court erred when it failed to grant a Directed Verdict so that the evidence introduced at trial could be evaluated to determine its sufficiency. Defendants stated that Plaintiff had judicially admitted to a federal judge in a federal court hearing on July 3, 1996 that his case did not seek more than jurisdictional limits of $50,000. Defendants proposed to supplement the record with proof of such statement.

11. The Defendants' Memorandum Opposing Proposed Summary Affirmance stated

2

"Contrary to Plaintiff's recollection, *a directed verdict motion was made at the close of plaintiff's case in chief and at the close of evidence*, and as a result , the trail court only dismissed plaintiff's intentional spoliation of evidence claim".

12.   These  statements of fact were false. No directed verdict motion was made by Wal-Mart's counsel at the close of plaintiff's case or at the close of evidence.  Plaintiff never made a statement that his case did not exceed the jurisdictional limits.  Defendants never offered any proof of such statements.

. 13.   The false statements were made by the Defendants  for the purpose of obtaining a financial advantage for Wal-Mart and placing Plaintiff at a financial disadvantage.

14.   The Court of Appeals accepted the false statement as true and for this reason on June 5, 2001 assigned the case to the General Calendar.  Assignment to the General Calendar required Plaintiff to submit a Reply Brief in order to preserve his judgment.  Plaintiff's financial injury occurred on June 5, 2001 when the Assignment imposed upon him the financial burden of hiring and paying for attorneys fees for the appeal.

15.   Had the Defendants not made these false statements the Court of Appeals would have immediately affirmed the trial court's rulings upholding the judgment for Plaintiff and Plaintiff would have been entitled to collect his judgment at once as stated by the Court.  In its Memorandum Opinion the Court stated "Wal-Mart's misstatements are egregious. In particular, were it not for the misstatement regarding Dillon's representation to the federal court, this case would have been affirmed on the summary calendar."

16.   Because the case was assigned to the General Calendar it was necessary for Plaintiff to retain and pay an attorney to pursue his side of the appeal.  Since Plaintiff had no funds to pay

3

cash, it was necessary to enter into a contingency fee arrangement and as a result Plaintiff paid

his attorney the sum of $28,526.15 in fees and taxes.

17. On June 27, 2002 the Court of Appeals issued its Memorandum Opinion affirming the

trial court judgment. The Court of Appeals had read the transcript of the trial and had observed

that Wal-Mart had not made the motions for Directed Verdict as the Defendants had falsely

stated and had offered no evidence of the falsely claimed admission in federal court. Wal-Mart

was punished by the Court for its dishonest behavior by a fine of $5,000.

18. During the period from June 5, 2001, the assignment to the General Calendar, until

June 27, 2002, the date of the Memorandum Opinion, Wal-Mart used its financial advantage to

try to obtain a settlement with Plaintiff for a fraction of the sums to which he was due and which

were ultimately upheld by the Court.

19. Wal-Mart argued that because the case was on the General Calendar it would be one

year before the decision and that the Plaintiff's evidence was weak and the case would likely be

reversed, that Plaintiff should settle for one third of the sums due to him.

20. Plaintiff did not succumb to these spurious arguments but held out for his rightful due.

21. On April 17, 2001 when Plaintiff was in receipt of the decision by the Court of

Appeals to affirm the jury's award to him, the Defendants initiated judicial proceedings against

the Plaintiff. Defendants used improper process in the prosecution of their claim with a primary

motive to accomplish the illegitimate end of delay and to pressure Plaintiff to accept substantially

less than the sums awarded, thereby causing the General Calendar Assignment on June 5, 2001

which damaged Plaintiff in the sum of $28,526.15.

22. In short, there was both a misuse of the power of the judiciary by a litigant and a

4

malicious motive.

23.  Defendants thereby proximately caused Plaintiff's injuries and damages herein described.

## COUNT II - PRIMA FACIA TORT

24.  The allegations of paragraphs 1 through 23 are incorporated by reference as if fully set forth.

25.  Defendants intentionally misrepresented facts to the Court of Appeals.

26.  Defendants intended that their misrepresentations would cause harm to the Plaintiff or the Defendant knew with certainty that the misrepresentations would cause harm to the Plaintiff.

27.  The Defendants' acts were a proximate cause of Plaintiff's harm.

28.  The Defendants' conduct was not justifiable under any of the circumstances.

## COUNT III - FRAUD

29.  The allegations of paragraphs 1 through 28 are incorporated by reference as if fully set forth.

30.  The referenced representations of fact were made and were not true; either the falsity of the representations was known to the Defendants or the representations were recklessly made; the representations were made with the intent to deceive and to induce the Court of Appeals to rely on the representations. The Court of Appeals did in fact rely on the representations to Plaintiff's injury and damage.

## COUNT IV - PUNITIVE DAMAGES

31.  The actions of the Defendants were reckless, malicious and outrageous and Plaintiff is

5

entitled to an award of punitive damages.

32. Plaintiff is entitled to judgment against the Defendants for compensation for all of the damages he has suffered as enumerated herein and for pre-judgment and post-judgment interest all in an amount to be proved at trial on the merits.

WHEREFORE the Plaintiff prays for judgment against the Defendants for compensatory, consequential and punitive damages in an amount to be proved at trial on the merits, pre-judgment and post-judgment interest, costs incurred herein and such other and further relief as is consistent with the premises herein.

LAW OFFICE OF BRIGITTE LOTZE

Brigitte Ursula Lotze
Jerry V. Hamilton
Attorneys for Plaintiff
P.O. Box 513
Taos, New Mexico 87571
(505) 758-1221

6

STATE OF NEW MEXICO
COUNTY OF TAOS
EIGHTH JUDICIAL DISTRICT COURT
NO. 2004- 146  CV

JOHN DILLON
                    Plaintiff,
vs.

WAL-MART STORES INC.,
W. R. LOGAN and LISA PULLEN
                    Defendants.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### AND THINGS TO DEFENDANT WAL-MART STORES, INC.

TO:    Wal-Mart Stores Inc.

COMES NOW the Plaintiff, John Dillon, through his undersigned attorneys, and

hereby submits the following Request to Produce to Defendant Wal-Mart Stores, Inc. for

response within forty five (45) days after service of the summons and complaint upon you in

accordance with Rule 1-034 of the Rules of Civil Procedure for the District Courts of New

Mexico and pursuant to the following Instruction and Definitions:

## INSTRUCTION AND DEFINITION OF TERMS

The following instructions and definitions apply to each of the Request to Produce
contained herein and are deemed to be incorporated therein:
1. The word "document(s)" means all handwritten, typed, printed, recorded or graphic
matter, photographic matter, sound reproduction or computer input or output, however produced
and by whatever method of reproduction, pertaining in any manner to the subject matter
identified.
2. As used herein, the singular form of a noun or pronoun shall be considered to include
with its meaning the plural form of the noun for pronoun so used, vice-versa; in a similar fashion,
the use of any tense of a verb shall be considered to also include within its meaning all other
tenses of the verbs so used.
3. The following definitions apply to the terms used herein (except as the context may
otherwise clearly require):
a. The words "you" and "yours" refer to the above named party responding to these

1

discovery pleadings and any of your agents, representatives, officers, employees, and spouse and also to any adjuster or employee of the insurance company providing the defense of this case.

**SPECIAL INSTRUCTIONS**:  "**The case**" refers to John Dillon vs. Wal-Mart Stores, Inc. 95-167 CV Eighth Judicial District Court, Taos County, New Mexico.  The "**memorandum in question**" refers to Defendant-Appellant Wal-Mart Stores, Inc.'s Memorandum Opposing Proposed Summary Affirmance filed April 17, 2001. Every document produced in response to a Request for Production shall be a clean, true and correct copy of the original and shall be produced without alteration or addition of any matter excepting only a Bates numbering stamp if desired by Defendant.

**Request Number 1:**  As to each expert, you have retained or you may call at the trial of this matter, all correspondence to and from the expert, all documents provided to the expert, any reports or memoranda including drafts produced by the expert, the expert's curriculum vitae or resume and all records of his billing for his work in this matter and all records of payment to him for his work in this matter.

**Response:**

**Request Number 2:**  A copy of all records of payment made to any of Defendant's expert witnesses from the party who is paying him for his work and testimony in this litigation which records cover the period of January 1, 1997 through the time of his/her appearance at trial of this matter.

**Response:**

**Request Number 3:**  A list of cases in which any of Defendant's expert witnesses have given deposition testimony and in which he has given testimony in court for which he was paid by the party who was being sued,  which records cover the period of January 1, 1998 through the time of

2

his appearance at trial of this case.

**Response:**


**Request Number 4:** All documents and objects which you may offer into evidence or use as a trial demonstration aid.

**Response:**


**Request Number 5:**    A copy of any policy of insurance which is or may be responsible to pay any part of any final judgement for damages that might be returned against the Defendant Wal-Mart Stores, Inc., W. R. Logan and Lisa Pullen in this suit.

**Response:**


**Request Number 6:** All billing records for all work done for Wal-Mart regarding Dillon vs. Wal-Mart Stores, Inc. 95-167 CV on and after July 3, 1996.

**Response:**


**Request Number 7:** All documentation furnished to Civerolo, Gralow & Hill regarding billing for work involving the appeal of Dillon vs. Wal-Mart Stores, Inc. 95-167 CV.

**Response:**


**Request Number 8:** All correspondence, memorandums, evaluations, reports, status reports and e-mails received from Brent Bailey and the firm representing Wal-Mart Stores, Inc. on and after

3

July 3, 1996 through the end of their representation of Wal-Mart Stores, Inc. in the case.

**Response:**


**Request Number 9:** All correspondence to Brent Bailey and the firm representing Wal-Mart Stores, Inc. from and after July 3, 1996 through the end of their representation of Wal-Mart Stores, Inc. in the case.

**Response:**


**Request Number 10:** All correspondence, memorandums, evaluations, reports, status reports and e-mails received from Civerolo, Gralow & Hill from the beginning to the end of their representation of Wal-Mart Stores, Inc. in the case.

**Response:**


**Request Number 11:** All correspondence to Civerolo, Gralow & Hill from the beginning to the end of their representation of Wal-Mart Stores, Inc. in the case.

**Response:**


**Request Number 12:** All correspondence, memorandums, evaluations, reports, status reports and e-mails received from the Narvaez Law firm on and after July 3, 1996 through the end of their representation of Wal-Mart Stores, Inc. in the case.

**Response:**

4

**Request Number 13:** All correspondence to Narvaez Law firm from the beginning to the end of

their representation of Wal-Mart Stores, Inc. in the case.

**Response:**


**Request Number 14:** All documents regarding any review by Wal-Mart of a draft of the

memorandum in question, or any knowledge by Wal-Mart of the contents of the memorandum in

question and any response or comment by Wal-Mart to the proposed memorandum in question

prior to its filing on April 17, 2001.

**Response:**


**Request Number 15:** All materials providing instructions and guidance to attorneys representing

Wal-Mart Stores, Inc. in premises liability cases, furnished to Brent Bailey and the firm

representing Wal-Mart Stores, Inc., Civerolo, Gralow & Hill and Narvaez Law Firm or which

was available for use by these attorneys for this purpose during the period of their representation

whether furnished or not.

**Response:**


**Request Number 16:** All notes memorandums and transcripts of the events and proceedings of

the July 3, 1996 federal court hearing in which plaintiff alleged made **representations to the**

**federal judge that his case, including special damages and pain and suffering, did not**

**exceed jurisdictional limits ($50,000 at that time)**

**Response:**

5

**Request Number 17:** All recordings, transcripts, notes and memorandums of the events and

statements of counsel and the Court at the hearing in October 1998 before Judge Reid

**Response:**


BRIGITTE LOTZE LAW OFFICE

Brigitte Ursula Lotze
Jerry J. Hamilton
Attorneys for Plaintiff
P.O. Box 513, Taos, New Mexico  87571
(505) 758-1221

6



Law Office of Brigitte Lotze
Jerry J. Hamilton, Counsel
P.O. Box 513
Taos, N.M. 87571

Corporation Service Company
Attention Tricia Bain
125 Lincoln Ave. Suite 223
Santa Fe, N.M. 87501

RECEIVED
MAY - 5 2004
SCHEUER, YOST
& PATTERSON, P.C.